UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER D. MCCUMSEY,
    Petitioner/Plaintiff,

vs.                                    Case No.: 3:24cv203/LAC/ZCB

RICKY DIXON,
STATE OF FLORIDA,
    Respondent(s)/Defendant(s).
_____/

## AMENDED REPORT AND RECOMMENDATION[1]

Petitioner/Plaintiff is a Florida inmate proceeding *pro se* and *in forma pauperis* in this civil action. (Doc. 8). For the reasons explained below, this case should be dismissed.

### I.    Background and Discussion

Petitioner/Plaintiff titled his initial pleading, "Notice of Constitutional Question of Law as a Matter of Great Public Importance." (Doc. 1). The Court construed the pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2254 because Petitioner is in custody

---

[1] The only change from the original Report and Recommendation is the addition of language regarding a certificate of appealability.

1

pursuant to a state court judgment and sought immediate release from custody.[2] (Doc. 3). The Court determined that the habeas petition did not comply with the Court's Local Rule requiring *pro se* habeas petitioners to file petitions on the Court-approved form. N.D. Fla. Loc. R. 5.7(A). The Court, therefore, ordered Petitioner to file an amended petition on the form. (*Id.*).

Instead of filing an amended habeas petition, Petitioner filed a pleading titled Motion for Leave to Voluntarily Amend Notice of Constitutional Challenge To a State Statute. (Doc. 7). Petitioner stated that he wished to amend his initial pleading to remove his request for immediate release and proceed only with his challenge to the

---

[2] *See Nance v. Ward*, 142 S. Ct. 2214, 2221 (2022) (explaining that when a prisoner seeks an "immediate or speedier release from prison," he is challenging the validity of his conviction or sentence and proceeding under § 2254); *see also Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (explaining that when a prisoner raises "any challenge to the lawfulness of confinement or the particulars affecting its duration, his claim falls solely within the province of habeas corpus under § 2254.") (cleaned up); *Walker v. Crespi*, No. 22-13872, 2023 WL 4636747, at *2 (11th Cir. July 20, 2023) (affirming district court's recharacterization of petitioner's initial pleading as a § 2254 habeas petition where petitioner attacked the duration of his sentence and sought speedier release from confinement, and holding that the court properly dismissed the petition as an unauthorized second or successive petition).

constitutionality of Florida statutes. (*Id.*). Petitioner submitted a proposed amended pleading with his motion to amend. (Doc. 7-1).

The Court denied Petitioner's motion. (Doc. 8). The Court advised him that a claim for declaratory relief based on allegations that necessarily imply the invalidity of his conviction or sentence is not cognizable unless he can demonstrate that his conviction has previously been invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a claim for declaratory relief that necessarily implies the invalidity of the prisoner's conviction or sentence is not cognizable in a civil rights action); *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (explaining that claims for declaratory or injunctive relief which are in the nature of habeas corpus claims—i.e., claims which challenge the validity of the claimant's conviction or sentence and essentially seek release—are simply not cognizable in a federal civil rights action).[3]

---

[3] *See also Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342, at *1-2 (11th Cir. Jan. 31, 2007) (holding that prisoner's federal civil action requesting declaratory relief that would necessarily imply the invalidity of his conviction was barred because prisoner could not demonstrate that his conviction had already been invalidated).

3

The Court instructed Petitioner that if he wished to proceed with this case, then he must comply with the Court's previous order and file an amended habeas petition on the Court's form. (Doc. 8). If, on the other hand, he did not wish to proceed with this habeas case, then he must file a notice of voluntary dismissal. (*Id.*).

Petitioner filed an amended habeas petition. (Doc. 9). The Court served the amended petition upon Respondent and set an answer deadline. (Doc. 10). Petitioner then filed a Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e). (Doc. 11). He requested that the Court vacate its previous order denying his Motion for Leave to Voluntarily Amend Notice of Constitutional Challenge To a State Statute. Petitioner insisted that he did not intend to file a habeas action and is not seeking immediate release from custody via this action.

Based on Petitioner's insistence, it became clear this matter could not proceed as a habeas corpus action under 28 U.S.C. § 2254. That then raised the question of what exactly Petitioner/Plaintiff is seeking through

this case and whether the Court has jurisdiction. The Court posed those questions to Plaintiff, and he has now answered.[4] (Docs. 13, 16).

Plaintiff explains he is asserting federal constitutional challenges (due process and equal protection) to his criminal prosecution, conviction, and incarceration on the ground that Florida's sexual battery and lewd or lascivious conduct statutes were not codified in accordance with the Florida Constitution. (Doc. 16 at 6-15). Plaintiff maintains that he is not seeking a habeas remedy. (*Id.* at 6). He also states he is not seeking declaratory relief, an injunction, and/or monetary damages under 42 U.S.C. § 1983 (the typical remedies available to for the deprivation of federal rights by state actors). (Doc. 11 at 3-4). Plaintiff insists the only relief he is seeking is an order certifying to the Florida

---

[4] The Court explained that because none of the substantive claims raised in his proposed amended pleading involved a federal question, he had not invoked the Court's jurisdiction under 28 U.S.C. § 1331, despite his reference to that statute. (Doc. 7-1 at 1, 4). Petitioner also referenced 28 U.S.C. § 1334. (Doc. 7-1 at 1). But the Court notified him that statute is wholly inapplicable. It is the jurisdictional statute for bankruptcy cases and proceedings. This case does not involve bankruptcy. And finally, although Plaintiff presented a federal claim in his amended habeas petition (Doc. 9), he emphatically stated he did not wish to proceed in habeas corpus. (Docs. 7, 11).

Attorney General and notifying the State of Florida that he is challenging the constitutionality of state criminal statutes, under 28 U.S.C. § 2403. (Doc. 16 at 6, 16).[5] Despite Plaintiff's arguments, what this case boils down to is that he is asserting federal constitutional challenges to the validity of his criminal convictions. Those challenges are cognizable only in a habeas corpus action under 28 U.S.C. § 2254. *See Hutcherson*, 468 F.3d at 754 (explaining that when a prisoner raises "any challenge to the lawfulness of confinement or the particulars affecting its duration, his claim falls solely within the province of habeas corpus under § 2254.") (cleaned up). Plaintiff has repeatedly disclaimed a desire for habeas relief. (Doc. 7; Doc. 11; Doc. 16 at 6). For those reasons, the case should be dismissed.[6]

---

[5] As the Court previously explained, § 2403 is an intervention statute, not a jurisdictional or remedial statute, and it is inapplicable here. (Doc. 13 at 5). That is because the intervention statute applies only to a federal action to which a State (or any agency, officer, or employee thereof) is not a party. 28 U.S.C. § 2403(b). Plaintiff's pleadings list the State of Florida and/or the Secretary of the FDOC as a party. (Doc. 1; Doc. 7-1; Doc. 9). He now tries to argue that the "actual parties" to this suit are the state criminal statutes, not the State or its agents. (Doc. 16 at 12). That argument is frivolous.

[6] As previously discussed, even if Plaintiff sought a remedy other than release, his claims are not cognizable in a civil action unless he can

## II.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that this case be dismissed without prejudice.

## III.   Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the Court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

---

demonstrate that his conviction has previously been invalidated.  *See Edwards*, 520 U.S. at 648 (holding that a claim for declaratory relief that necessarily implies the invalidity of the prisoner's conviction or sentence is not cognizable in a civil rights action); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (barring § 1983 suits for money damages when prevailing would imply a conviction was wrongful); *Abella*, 63 F.3d at 1066 (explaining that claims for declaratory or injunctive relief which are in the nature of habeas corpus claims—i.e., claims which challenge the validity of the claimant's conviction or sentence and essentially seek release—are simply not cognizable in a federal civil rights action).

7

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

8

1. This case be **DISMISSED** without prejudice.

2. All pending motions be **DENIED as moot**.

3. A certificate of appealability be **DENIED**.

4. The Clerk of Court enter judgment in accordance with this order and close the case.

At Pensacola, Florida this 15th day of November 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.